UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:14-cv-22654-DPG**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

               Plaintiff,

vs.

LG ELECTRONICS, INC., LG
ELECTRONICS U.S.A., INC., and
LG ELECTRONICS MOBILECOMM
U.S.A., INC.,

               Defendants.

_____/

## PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

Despite its minimal ties to the Northern District of California, LG[1] seeks to divest RSRI[2] of its preferred venue and to transfer this case to the Northern District of California for a perceived litigation advantage. Transfer in this case does not enhance convenience for either party.

LG's motion to transfer venue ignores the significant hardship that transfer would impose upon RSRI and its single-parent inventor and Managing Director, in favor of illusory convenience for unidentified LG witnesses and third-party witnesses with purported knowledge of infringement. LG does not discuss the materiality of their witnesses' testimony and does not

---

[1] "LG" refers to Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc.
[2] "RSRI" refers to Plaintiff Rothschild Storage Retrieval Innovations, LLC.

address that its employee-witnesses can be compelled to testify by their employer. LG contends that RSRI's choice of forum should be given no weight—because it allegedly was created as "an artifact of litigation"—despite the Federal Circuit's prior direct rejection of that identical argument when upholding denial of transfer. Each of the Federal Circuit cases cited by LG relies on facts not present here – namely that the plaintiff in those cases was formed in a distant venue (the Eastern District of Texas) without any connections to the forum, in contrast to RSRI's inventor's decades of residence in this District.

None of LG's alleged unidentified third-party witnesses in the Northern District of California are offered with any explanation regarding what material testimony or information is possessed by those witnesses. Instead, LG relies on a declaration by a Google employee from an unrelated case that has no relevance to the case before this Court. LG's motion ignores RSRI's material third-party witnesses, including its former patent prosecuting law firm and accountant, and various individual RSRI witnesses, and instead incorrectly argues: "RSRI likely has no employees in this District." [DE 29] at 19.

LG also ignores the significant waste of judicial resources implicated by its requested transfer. If this case is transferred to the Northern District of California, at least two judges will be tasked with the intensive claim construction process,[3] at great risk for inconsistent constructions of the patent at issue. While LG might prefer that RSRI protect its intellectual property rights on two coasts before two courts, LG's preference is not sufficient to impose such waste of judicial and party resources. As a result and as set forth below, LG failed to meet its "high" burden to show that transfer is more convenient.

---

[3] RSRI has moved to consolidate the related cases in the Southern District of Florida. [DE 28].

# I.    FACTUAL BACKGROUND

## A.    Leigh Rothschild and RSRI

Leigh Rothschild is an inventor. He filed his first patent application more than 30 years ago, and has since been issued more than 75 patents. *See* Declaration of Leigh M. Rothschild ("Rothschild Dec.") at ¶ 3. President George H.W. Bush appointed Mr. Rothschild to the High-Resolution Board of the United States, and Governor Jeb Bush appointed Mr. Rothschild to Florida's IT Florida Technology Board. Howard Dec. at Ex. A ¶ 7. Mr. Rothschild has founded multiple companies to utilize his inventions, including IntraCorp, Inc., a Miami-based video game publishing company and Capstone Software, Inc. *Id.* at ¶¶ 5, 6. Mr. Rothschild also founded BarPoint, Inc., a Fort Lauderdale corporation that invented and utilized patented bar-code recognition software and was traded on the NASDAQ stock exchange. *Id.* at ¶ 7.

As graduate of both the undergraduate and graduate schools of the University of Miami, Mr. Rothschild has maintained an active presence with his *alma mater* and the community, including funding an endowment to the University and by forming the "Rothschild Entrepreneurial Prize" at the University's School of Business. *Id.* at ¶ 8. Mr. Rothschild has also given endowments to various local charities and institutions including the Tampa Children's Home and Miami Symphony Orchestra. *Id.*

Transfer would be exceptionally inconvenient for Mr. Rothschild. He is the principal member of more than seven businesses based out of the Southern District of Florida. *See* Rothschild Dec. ¶ 4. All of Mr. Rothschild's personal and business records are located in the Southern District of Florida, as are his CPA, general counsel, and the prosecution counsel used for U.S. Patent No. 8,437,797 (the "'797 patent"). *Id.* ¶ 5. Mr. Rothschild is a single parent, and

transfer across the United States (or otherwise) will cause significant inconvenience regarding Mr. Rothschild's personal and child-care obligations. *Id.* ¶ 6.

### B.    RSRI

Leigh Rothschild formed RSRI to hold and enforce the '797 patent, in this lawsuit and six related lawsuits in this District. *Id.* ¶ 7. RSRI is not a "patent acquisition" company; instead of acquiring patents from others, it was formed by the inventor of the patent-in-suit strictly for assertion of the patent-in-suit. *Id.* ¶ 8. RSRI's principal place of business is in the Southern District of Florida. *Id.* ¶ 9. RSRI possesses—in this District—documents relating to the conception and prosecution of '797 patent, as well as related and parent applications and patents. *Id.* RSRI also has documents relating to the licensing of the '797 patent. *Id.* ¶ 10. RSRI's outside accountant is in this District, as is its outside general counsel. *Id.* ¶ 11. RSRI has multiple employees, including Leigh Rothschild (Managing Director) and Connie Kazanjian (Executive Vice President). *Id.* Notably, Ms. Kazanjian's husband is scheduled for brain surgery in January of 2015 that would render her travel exceptionally inconvenient during his preparation and recovery period. *Id.* ¶ 12.

### C.    LG

LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. are registered corporations in the state of Florida and distribute LG products in the Southern District of Florida. Howard Dec. Ex. B, C. For purpose of its motion to transfer, however, LG claims that "the center of gravity of the accused activity is the Northern District of California," and relevant witnesses or evidence are absent in the Southern District of Florida." [DE 29] at 6.

Publicly-available facts refute LG's claims regarding its presence in or around this District. LG has current LG Mobile employees residing in Florida's border states including: (1) a

Senior Product Manager, Hung L., located in the greater Atlanta region, who is involved with product development of mobile devices and technologies (Howard Dec. Ex. D); and (2) a Product Manager, Jinyong (Joe) Lee), also in the greater Atlanta region, involved with the product management of LG's mobile devices (Howard Dec. Ex. E).

### D.    The current lawsuit

RSRI accuses LG of infringing the '797 Patent. *See generally* [DE 1]. Specifically, RSRI has accused "Android devices such as G Flex, G2, Optimus One, and Google Nexus 5." *Id.* ¶ 19. In light of RSRI's significant contacts to this District, and LG's sales of mobile phones to distributors throughout the United States, the true motive for LG's motion to transfer is laid bare: to avoid consolidation. RSRI moved to consolidate this case with the related cases in this district, which allege infringement of the '797 patent. *See* [DE 28]. In RSRI's reply in support of consolidation, it set forth how the defendants in the related RSRI cases are participating in a joint defense but vigorously resist allowing the Court and RSRI to obtain the same efficiencies in a consolidated case. *See generally* [DE 35]. One of Defendants' principal arguments against consolidation is their motions to transfer. *Id.* Making clear that avoiding consolidation is its principal motive, LG's opposition to transfer argued that "[a]t a minimum, principles of judicial economy and comity favor deferring a Plaintiff's Motion to Consolidate until all pending motions to transfer are resolved…." [DE 32] at 16.

## II.    ARGUMENTS AND AUTHORITY

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The burden is on the moving party to establish that the suggested forum is more

convenient. *In re Ricoh Corp.*, 87- F.2d 570 (11th Cir. 1989). "This burden is high: a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc.* No. 12-23568-CIV, 2013 WL 358385, at *2 (S.D. Fla. Jan. 29, 2013) (internal citations omitted). "[T]o overcome the presumption in favor of [RSRI's] choice of forum, [LG] must show the 'balance of the conveniences is *strongly* in favor of the transfer." *Operating Sys. Solutions, LLC. v. Apple, Inc.*, No. 8:11-cv-1754-T-30TGW, Dkt. No. 37 at 3 (M.D. Fla. Jan. 30, 2012) (emphasis in original) (denying motion to transfer case filed by non-practicing entity) (citing *Sterling v. Provident Life and Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1204-06 (M.D. Fla. 2007)), attached at Howard Dec. Ex. F.

> **A.    The transfer factors show this case should be maintained in the Southern District of Florida.**

RSRI does not dispute that this lawsuit could have been brought in the Northern District of California. As a result, the issue of transfer turns on whether the balance of the conveniences of the witnesses and parties is "strongly" in favor of transfer. *Id.* The relevant factors are: "(1) [RSRI's] initial choice of forum; (2) the convenience of the parties and witnesses; (3) the relative ease of access to sources of proof; (4) the availability of compulsory process for witnesses; (5) the location of relevant documents; (6) the parties' financial ability to bear the cost of the change; and (7) all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Id.* at 4. (citing *Sterling*, 519 F. Supp. 2d at 1204-06).

> *1.    RSRI's choice of forum is entitled to significant weight.*

RSRI's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Id.* (citing *Robison v. Giamarco & Bill, P.C.*, 74, F.3d 253, 260 (11th Cir. 1996)). RSRI is located in the Southern District of Florida, its employees are in this District, its inventor is in this District, and its documents are in this District. Mr. Rothschild, RSRI's

Managing Director, has long ties to this District and has lived here for more than 40 years. He is a double graduate of the University of Miami and continues to support his *alma mater* through endowments for the education of like-minded entrepreneurs. "[T]his District serves as Plaintiff's principal place of business, and therefore serves as Plaintiff's 'home' forum." Howard Dec. Ex. G (*Advanced Ground*) at 5 (citing *Waterproof Gear, Inc. v. Leisure Pro., Ltd*., No. 08-cv-2191-T-33MAP, 2009 WL 1066249, at *6 (M.D. Fla. Apr. 20, 2009)).

LG's only argument on this factor—that RSRI is "recent, ephemeral, and an artifact of litigation"—not only ignores these facts but has been specifically rejected by the Federal Circuit under nearly-identical factual circumstances. In *In re Apple Inc.*, 456 Fed. Appx. 907, 909 (Fed. Cir. 2012), the Federal Circuit noted that "[a]lthough in [defendant's] papers much is made of [plaintiff's] recent and ephemeral connections to [its chosen venue]—[plaintiff] incorporated in [its chosen venue] and established an office one month before filing this suit—the district court gave that consideration no weight in its analysis" and denied the defendant's writ of mandamus. Citing this opinion, the Middle District of Florida has also disregarded arguments seeking transfer on the grounds that a plaintiff was established "solely for the purpose of litigation" and denied transfer. Howard Dec. Ex. F (*Operating Sys. Solutions*) at 5 (citing *In re Apple, Inc.*, 456 Fed. Appx. at 909); *see also In re Barnes and Noble, Inc.*, 743 F.3d 1381, 1384 (Fed. Cir. 2014) (denying mandamus of denial of transfer order even though "[t]he company is run and operated by the patent owner out of his home.").

LG cites to a distinguishable Order transferring a case filed by a separate entity, Rothschild Digital Media Innovations, LLC, to the Northern District of California.[4] [DE 29] at

---

[4] LG attempts to minimize Mr. Rothschild's connections with this case for consideration of the weight given Plaintiff's choice of forum, but to emphasize activities regarding Mr. Rothschild's

14-15. There, Judge Middlebrooks found that Defendants have named two key witnesses and Rothschild had not identified its expert witnesses. Here, the roles are reversed; RSRI has identified its employees (Leigh Rothschild and Connie Kazanjian), accountant, prosecution attorneys of the patent in suit (Cuenot, Forsythe, & Kim, LLC), and prosecution attorneys of the parent to the patent in suit (Peter Matos and Steven M. Greenberg), whereas LG alleges only that unidentified witnesses have knowledge of infringement. *Compare* Rothschild Dec. at ¶¶ 5, 13 *with* [DE 30-1] at ¶ 5. Like the plaintiff in LG's cited case, LG has come forward with no evidence of any specific witnesses that outweigh RSRI's preferred forum. RSRI, however, has shown that its principal place of business is in this District and that all of its relevant witnesses are in this District. Rothschild Dec. at ¶¶ 5, 9, 11. Thus, RSRI's initial choice of forum weighs strongly in favor of RSRI.

>    2.    *The convenience of parties and witnesses weighs in favor of denying transfer.*

Mr. Rothschild is the inventor of the patent in suit and the Managing Director of RSRI. This Court has previously held that the testimony of principals of non-practicing entities "will likely be required in some capacity." Howard Dec. Ex. G (*Advanced Ground*) at 6 (denying transfer). As the inventor, Mr. Rothschild will be required to testify regarding the meaning of the claim terms at issue, whether the accused products infringe, prosecution of the patent in suit, and his understanding of the value of his invention. As corporate representative of RSRI, Mr. Rothschild will be required to testify as to the value of the patent in suit, attempts to license the patent in suit, and other issues regarding damages. All of this testimony will be required at trial, but Mr. Rothschild is a single parent who will be greatly inconvenienced by transfer across the United States. If transfer is granted, he will need to obtain alternate child care over a period of

---

other entities when it suits LG. LG cannot have it both ways; either Mr. Rothschild's contacts to this District are relevant to transfer, or Mr. Rothschild's other entities are not.

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

weeks, if not months. The unidentified LG witnesses' alleged inconvenience in additional travel and expenses pales in comparison to Mr. Rothschild's child care obligations.

Similarly, Connie Kazanjian, RSRI's Executive Vice President will be offered to testify regarding RSRI's business dealings and other licensing issues. Ms. Kazanjian's husband, however, is scheduled for brain surgery in January of 2015 and travel across the United States for trial is exceptionally inconvenient when compared to her responsibilities for his preparation and recuperation. Rothschild Dec. at ¶ 12. Again, no single LG witness has similar materiality to the claims at issue nor has LG identified any similar inconvenience.

LG claims that all its manufacturing and development occurs outside this District. [DE 29] at 7; [DE 30-1] at ¶ 5. But LG offers no explanation or discussion of the substance of testimony to be elicited from individuals from LG Electronics, Inc. or LG Electronics Mobilecomm U.S.A., Inc.'s witnesses. "[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide." *Brandywine Commc'ns Tech., LLC. v. HTC Corp*., No. 6:12-cv-00276-CEH-DAB, Dkt. 42 at 7 (S.D. Fla. Aug. 23, 2012), attached to Howard Dec. at Ex. H. LG has not provided the Court with a basis to "qualitatively evaluate" the materiality of any witness with knowledge of infringement.

RSRI, however, has identified at least two relevant LG employees that reside closer to this District than LG's proposed transferee forum: (1) Senior Product Manager, Hung L., located in the greater Atlanta region, who is involved with product development of mobile devices and technologies (Howard Dec. Ex. D); and (2) Product Manager, Jinyong (Joe) Lee, also in the greater Atlanta region, involved with the product management of LG's mobile devices (Howard

Dec. Ex. E). The greater Atlanta region is only 607.07 miles from this District but 2,138 miles from the Northern District of California. Howard Dec. Ex. I, J. Even if this Court merely "tally[s] the number of witnesses," RSRI has identified more witnesses with knowledge of relevant facts (and explained their testimony) in this District or geographically closer to this District than the Northern District of California, and this factor favors denial of transfer.

> 3.  *The availability of compulsory process of third-party witnesses weighs against transfer.*

This Court holds that the "most important third-party witnesses are the inventors and the attorneys." *Wi-Lan USA*, 2013 WL 358385, at *4. The prosecution attorneys of the patent in suit, Cuenot, Forsythe, & Kim, LLC, have offices in this District and are no longer employed by RSRI. Rothschild Dec. ¶ 5; Howard Dec. Ex. K. The prosecuting attorneys of the parent to the patent in suit, U.S. Patent No. 8,204,437, are Peter Matos and Steven M. Greenberg and are located in this District and are no longer employed by RSRI. *See* Rothschild Dec. ¶ 13. And Mike Wasserman, RSRI's accountant, is located in this District and has knowledge regarding RSRI's financing and costs. *Id.* ¶ 11. None of these witnesses is likely to voluntarily testify because of the imposition to their continuing practices. But this District can compel their attendance at trial, while the Northern District of California cannot.

LG touts the necessity of *testimony* from unidentified Google employees in support of transfer, alleging that someone at Google may have relevant information regarding the Android operating system. But LG relies on a declaration by a Google employee *for an unrelated case* in support of its speculation that a "vast majority of the relevant engineers and employees for [LG's] Android products work and/or reside in the Northern District of California, and very few are located in Florida." [DE 29] at 18. The "Dubey Declaration" is based solely on "efforts to identify the location of documents and other evidence relevant to [the *Rockstar Consortuium US*

*LP v. Samsung Elecs. Co.*] action," not this action. LG has submitted no evidence, by sworn declaration from Google or otherwise, regarding the materiality of Google witnesses to this case.

Even if LG had come forward with any evidence of the relevance of Google witnesses, Google Android is "an open-source software stack for a wide range of mobile devices." Howard Dec. Ex. L. This means that Google makes its source code publicly available so that developers can develop applications without license fees. Google thus publishes its "source code" and an "open accessory standard" for accessories to Android phones, rendering this information available in any district in the United States. *Id.*

To the extent publicly available information is not sufficient, Google has an office in this District, and is subject to process for production of either a 30(b)(6) witness or any documents here. Howard Dec. Ex. M. The inclusion of Google as an alleged out-of-District third-party witness is simply an artifice of LG's attempt to avoid consolidation by moving to transfer.

Regarding LG's alleged "prior art" witnesses, LG does not explain why the location of the authors of the prior art cited in the patent would be relevant at all. [DE 29] at 10-12. "It is highly unlikely that any of these authors would be called to testify at deposition or trial, or that any of their personal records relating to the references would contain relevant information." *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 778 (E.D. Tex. 2009). "[O]ral testimony to establish the existence of allegedly anticipatory devices has long been viewed with skepticism." *Sjolund v. Musland*, 847 F.2d 1573, 1578 (Fed. Cir. 1988) (citing *The Barbed Wire Patent Case*, 143 U.S. 275, 284-85 (1892)). "'Throughout the history of the determination of patent rights, oral testimony by an alleged inventor asserting priority over a patentee's rights is regarded with skepticism, and as a result, such inventor testimony must be supported by some type of corroborating evidence.'" *Woodland Trust v. Flowertree Nursery,*

*Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998) (citing *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993)). If the alleged pieces of prior art disclose to the public certain details of the asserted patent prior to the issuance of the asserted patent, then the documents that disclose such details are themselves the best evidence of anticipation or obviousness; prior invention cannot be demonstrated by testimony alone. LG has identified nothing about the alleged "prior artists" that requires supporting testimony.

There is no indication that any of LG's alleged third-party witnesses have any relevant information or any "indication that [LG's alleged third-party witness are] actually unwilling to testify." *Microspherix*, 2012 WL 243764, at *5 (denying transfer). RSRI "on the other hand, specifically identifies [five] witnesses who live and reside in this District, who would similarly be outside the subpoena power of the Northern District of California." Howard Dec. Ex. G (*Advanced Ground*) at 7 (denying transfer). As a result, this factor also favors denial.

4.      *The relative ease of access to sources of proof and the locations of documents favors RSRI.*

RSRI possesses—in this District—documents related to the patent in suit, documents regarding patents related to the patent in suit, documents related to RSRI's business, documents related to licensing, and communications related to the patent at suit. In contrast, LG merely speculates that Google's documents are located at its headquarters. [DE 29] at 9. As discussed *supra*, the "Dubey Declaration" was made with unrelated facts to this case, and Google Android is "an open-source software stack" which is publicly-available anywhere in the United States. Howard Dec. Ex. L; [DE 30-1] at ¶ 5 (LG's Korean entity "obtains the Android OS from the Android Open Source Project"). This factor favors Plaintiff, or is at worst neutral because "[g]iven today's technology and the availability of overnight shipping to easily transport

documents and other tangible evidence, the Court does not give much weight to this factor." [DE 31-2] (*Rothschild Digital*) at 6.

     5.    *The relative financial means of the parties weigh against transfer.*

LG does not address this factor and thus must concede it does not favor transfer. In 2013, LG has had more than 58 billion Korean Won ($52,417,861.20) in yearly sales. Howard Dec. Ex. N. RSRI is run by its inventor. It is beyond question that Mr. Rothschild's ability to finance litigation pales in comparison to one that employs thousands of employees.

     6.    *Other practical problems weigh against transfer.*

RSRI has filed suit against seven defendant groups, each with all of which allege infringement of the same patent by various defendants arising out of similar acts of infringement.[5] All of these cases involve common questions of law and fact:

- The same Plaintiff;

- The same patent;

- The same technical background;

- The same intrinsic evidence for patent claim construction;

- Ownership;

- Inventorship;

- Patent validity;

- The same asserted defenses; and

- Similar infringing functionalities.

Because the allegedly infringing devices bear no relevance to claim construction, the related cases are essentially one-and-the-same through the Markman hearing.

---

[5] *See* Plaintiff's Notice of Related Cases [DE 7].

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). "[T]he existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (*quoting In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). This consideration is "paramount" because "transferring this action would cause significant judicial inefficiency by severing into two groups the [seven] cases involving the same patents-in-suit. These inefficiencies include requiring witnesses to testify in two places, and different judges to rule on claim construction and other issues." Howard Dec. Ex. H (*Brandywine Commc'n*) at 15-16; *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010) (denying petition for mandamus when "the district court correctly held a denial of transfer would produce gains in judicial economy"). Transfer of the case against LG would require not only RSRI to duplicate work, but would tax at least another judge in the Northern District of California with a claim construction hearing and duplicative motion practice.[6] This paramount consideration weighs strongly against transfer.

LG invites the Court to ignore these practical considerations because "LG is informed and believes that many of the defendants in the related cases will also seek transfer to the Northern District of California." [DE 29] at 21. While some of the defendant groups have sought transfer, none of those transfer motions have any merit in light of RSRI's significant connections to this District. Simply because multiple defendants prefer improper transfer does not require courts on two coasts to undertake duplicative efforts and risk inconsistent rulings.

---

[6] RSRI has moved to consolidate the related cases in the Southern District of Florida. [DE 28].

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**                                    **Page 14**

Moreover, Florida has "'very strong interest' in providing a forum for its residents to obtain relief from nonresidents causing injuries in Florida." Howard Dec. Ex. G (*Advanced Ground*) at 8 (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008)). These considerations weigh against transfer.

> 7.     *The balance of transfer factors show transfer is inappropriate.*

By virtue of Mr. Rothschild's long-standing connections here, Plaintiff's choice of venue weighs against transfer. So does the convenience of the parties and witnesses, as RSRI's witnesses have personal obligations that would be significantly impeded by transfer and LG has not identified any credible and necessary witnesses in the Northern District of California that may have knowledge of infringement or damages. LG has identified no credible third-party witnesses from which testimony is required that could not be compelled to trial in the Southern District of Florida, while RSRI has identified five, which again weighs against transfer. LG's significant size weighs against its claims of inconvenience, which also favors retaining the case here. Finally, this Court has a strong interest in preventing judicial inefficiencies necessitated by transfer. The relative access to documents and proof is also against transfer. After weighing all these favors, the scales tip strongly in favor of retaining the case.

**B.     LG's cited cases are distinguishable.**

The § 1404 transfer inquiry is factually-intensive and requires analysis of several factors. LG's cited cases involve vastly different facts than the present case, and are inapplicable here. Many involve transfer from the Eastern District of Texas where neither party had a connection there,[7] and the other cases were cited for a proposition that does not apply to this case:

---

[7] Notably, the Federal Circuit applies the law of the regional circuit when evaluating transfer orders and thus Federal Circuit opinions arising out of the Fifth Circuit have no applicability in

- *In re Google Inc.*, No. 2014-147 (Fed. Cir. Oct. 9, 2014) (non-precedential) (reversing denial of stay order from E.D. Tex. where plaintiff's "primary operations are run out of Canada" and the only witnesses in the E.D. Tex. "work as counsel" for plaintiff);

- *In re Biosearch Tech. Inc.*, 452 Fed. Appx. 986, 988 (Fed. Cir. 2011) ("Both plaintiffs in this case are headquartered in [the transferee state] and one is in the [transferee district]" as well as "the patents' inventors and prosecuting attorneys");

- *In re Microsoft Corp.*, 630 F.3d 1361, 1362 (Fed. Cir. 2011) (reversing denial of transfer order from E.D. Tex. where inventor and managing member were in the United Kingdom, but had recently formed an office in the E.D. Tex.);

- *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (reversing denial of transfer order from E.D. Tex. where plaintiff "transported copies of its patent prosecution files from Michigan to its Texas office space, which it shares with another of its trial counsel's clients," plaintiff was "a Michigan limited liability company," and "the sole inventor" and "prosecuting attorney" were located in Michigan.);

- *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("The inventor, prosecuting patent attorneys, and identified potential employee witnesses of [plaintiff] all reside within the [transferee forum], with the exception of one" employee who lived outside either the original or transferee forum);

- *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (reversing denial of transfer order because "no witnesses reside within the Eastern District of Texas");

- *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1335 (Fed. Cir. 2009) (reversing denial of transfer order from E.D. Tex. because plaintiff was based in California and defendant was based in North Carolina);

- *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1196-97 (Fed. Cir. 2009) (reversing denial of transfer order from E.D. Tex. where plaintiff was organized under Ohio law and had a principal place of business in Dublin);

- *Grail Semiconductor, Inc. v. Stern*, No. 12-60976-Civ-SCOLA (S.D. Fla. May 21, 2013) (granting transfer of fraudulent stock transfer case because plaintiff was a California corporation that did not file suit in its "home forum," individual pro se defendant was a California citizen, and plaintiff "admittedly forum shopped for what it perceived to be a less busy district.");

- *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1273 (S.D. Fla. 2013) (plaintiff "identifies no Florida employees whose testimony will be required in discovery or at trial");

---

the Eleventh Circuit. *See, e.g., In re Mayfonk, Inc.*, 554 Fed. Appx. 943, 944 (Fed. Cir. 2014) ("we apply the law of the regional circuit').

- *Mayfonk, Inc. v. Nike, Inc*., No. 13-60755-CIV-MIDDLEBROOKS (S.D. Fla. June 18, 2013) (exhibit) ("Defendant's sole ties to this District are based on its sale of infringing products" and "Plaintiff entered into an agreement with Defendant, which contained a forum selection clause that designated [the transferee forum] as the chosen forum."); and

- *Returns Distrib. Specialists, LLC v. Playtex Prods., Inc.*, No. 02-1195-T (W.D. Tenn. May 28, 2003) ("Defendant does not have an office or agents in this district"; "Plaintiffs have not shown that [defendant] has transacted business in this district. Defendant's only contacts with this district were telephone and mail communications.").

   In contrast to all of these cases, RSRI, its inventor, its prosecution files, its prosecution attorneys, and its accountant are in this District. LG's motion to transfer should be denied.

**C.     To the extent the Court considers transfer, it should do so only after claim construction.**

   To the extent the Court finds that transfer is appropriate, it should follow a line of cases that abates transfer until after claim construction to mitigate judicial inefficiencies. "[R]etain[ing] this case until [the] claim construction opinion" serves two "important" purposes: "First, it conserves judicial resources by requiring only one district court to address the disputed claim terms, and second, it eliminates the risk of inconsistent claim construction." *Acqis LLC v. EMC Corp.*, No. 6:13-cv-00638-LED, 2014 WL 5485900, at *5 (E.D. Tex. Sept. 10, 2014). "The claim construction process is one of the most difficult and time-consuming aspects of a patent case…. [R]etaining the Transferring Defendants through the Markman phase conserves limited judicial resources." *PersonalWeb Tech., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-00655-LED, 2013 WL 9600333, at *23 (E.D. Tex. Mar. 21, 2013); *see also Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-00400-JRG, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (noting defendants "may for a joint defense group" and that "depositions and discovery are coordinated for common issues arising in all the related cases").

To the extent the Court considers transferring this case against LG, it should do so only after the *Markman* hearing. All of the evidence related to claim construction is located in this District: the inventor, the prosecution counsel, and the prosecution files. As a result, the case should be maintained in this District at least through the *Markman* hearing.

## III.    CONCLUSION

Based on the foregoing, Plaintiff requests that LG's Motion to Transfer Venue [DE 29] be denied. In the alternative, ruling on the motion should be held in abeyance pending a determination on claim construction.

Dated: December 8, 2014        Respectfully submitted,

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

*/s/Brant C. Hadaway*
_____
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

*– AND –*

Michael W. Shore
Texas Bar No. 18294915
E-mail: mshore@shorechan.com
Alfonso G. Chan
Texas Bar No. 24012408
E-mail: achan@shorechan.com
Andrew M. Howard
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com
Dustin R. Lo
Texas Bar No. 24087937
E-mail: dlo@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Of Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 8th day of December, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronics Filing.


*/s/Brant C. Hadaway*
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

## <u>SERVICE LIST</u>

GREENBERG TRAURIG, LLP
Marlene Silverman
333 Avenue of the Americas, Suite 4400
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
Email: silvermanm@gtlaw.com

GREENBERG TRAURIG, LLP
Richard D. Harris
harrisr@gtlaw.com
Eric J. Maiers
maierse@gtlaw.com
Kevin J. O'Shea
osheak@gtlaw.com
Robbie R. Harmer
harmer@gtlaw.com
Matthew J. Levinstein
levinsteinm@gtlaw.com
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435